## STATE OF VERMONT

## ENVIRONMENTAL COURT

Appeal of John T. Adams    }
}
}    Docket No. 227-10-02 Vtec
}
}

## Decision and Order on Motion for Summary Judgment

Appellant John T. Adams appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Fair Haven, granting a variance to Henry Daley for construction of a deck within the required side setback at 9 Caernarvon Street. Appellant represents himself. Despite an entry order from the Court on December 18, 2002, noting that the matter would be decided by summary judgment as no other parties had entered an appearance in the case, Mr. Daley has not entered an appearance in this matter. The Town has also declined to enter an appearance in this matter. Appellant has moved for summary judgment.

The following facts are undisputed unless otherwise noted.

Mr. Henry Daley owns property at 9 Caernarvon Street with an existing old house, noncomplying at least as to the north side setback, which is required to be 20 feet. Section 400 of the Fair Haven Zoning Regulations entirely prohibits[1] the enlargement of a noncomplying building which is noncomplying as to e.g., the side yard setback, unless " such enlarged portion conforms to the ordinance" regarding those requirements. As defined under the term " setback" in the § 140 definitions, setbacks are measured to a wall, porch or deck, but not to steps.

Mr. Daley' s lot is approximately 57 feet wide. The front part of the house is 28 feet wide and is located approximately four feet from the north side lot line. The rear part of the house is 15 feet wide and is located approximately eight feet from the north side lot line and approximately 34 feet from the south side lot line. Mr. Daley now[2] proposes to place a six-foot-wide deck so that it wraps around the rear and the south side of the back of the house, encompassing a rear door already existing in the east wall of the house, and a side door or window already existing in the south wall of the rear portion of the house. This deck is proposed to be placed so that it would be 15 feet from the north side property line and only require a five-foot variance from the side setback requirements.

In order to qualify for a variance, Mr. Daley must meet all of the first five[3] requirements of § 670 of the Fair Haven Zoning Regulations:

(A) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such

conditions and not the circumstances or conditions generally created by the provisions of the Zoning Regulation in the neighborhood or district in which the property is located.

(B) That as a result of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the Zoning Regulation and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(C) That such unnecessary hardship has not been created by the [applicant].

(D) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare, and

(E) That the variance, if authorized, will represent the minimum variance that will afford relief, and will represent the least modification possible of the Zoning Regulation and of the comprehensive plan.

If Mr. Daley's proposal fails any one of these provisions, it fails to qualify for a variance.

The proposal does not meet subsection (A), as the property appears to be regular in shape and topography, and contains no unusual physical conditions creating the 'hardship' other than the side setbacks established by the zoning regulations for this district. The proposal does not meet subsection (B) because the property has been reasonably used as a residence for many years without the proposed deck. In addition, because steps, as opposed to decks, may be constructed within the setback area, it would be possible to make a reasonable use of the existing back door in conformity with the zoning regulation by installing steps for access to the back door. It would also remain possible for Mr. Daley to install the deck as designed in the area to the south of the side setback, and to install steps as necessary leading up from the back yard to the deck within the setback area. For this reason, the proposal also fails to meet subsection (E).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment is GRANTED; the variance issued to Mr. Daley is hereby VACATED, concluding this appeal. This decision is without prejudice to any future application Mr. Daley may wish to make to the Zoning Administrator or ZBA for any altered design in compliance with this decision and order.

Done at Barre, Vermont, this 13th day of January, 2003.


_____
Merideth Wright
Environmental Judge

**Footnotes**

[1]    Some towns allow some degree of enlargement of noncomplying structures under certain conditions of approval as a conditional use by the ZBA; however, the Fair Haven regulations do not contain such a provision.

[2]    A former proposal for approval of an as-built 15' x 12' deck, located directly behind the house and therefore requiring a twelve-foot variance from the required 20-foot side setback, was denied and not appealed by Mr. Daley. Instead, Mr. Daley filed the present application.

[3]    Appellant has not suggested that subsection (F), relating to development in the Flood Hazard Area District, applies in this case.